IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Darlene Laws,<br><br>    Petitioner,<br><br>vs.<br><br>Dennis Harkins, et al.,<br><br>    Respondents. | No. CV 06-0114-PHX-EHC (ECV)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE EARL H. CARROLL, UNITED STATES DISTRICT JUDGE:

Petitioner Darlene Laws has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in which she challenges the judgment of conviction and sentence imposed against her in the Maricopa County Superior Court on March 20, 2003. Doc. #1.

**BACKGROUND**

Following a jury trial in February 2003, Petitioner was found guilty of three felony counts of obtaining a credit card by fraudulent means. Doc. #9, Exh. D. On March 20, 2003, the court entered judgments of guilt for each of the three offenses and sentenced Petitioner to concurrent terms of five years in prison on each count. Id. The court further ordered the overall sentence to run consecutive to the sentence imposed in an unrelated case. Id.

On direct appeal, Petitioner's counsel filed an opening brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he stated that after searching the record he could

find no issues to raise. Doc. #9, Exh. E. Counsel also filed a motion for leave to allow Petitioner to file a *pro per* supplemental brief. Id. On September 22, 2003, Petitioner filed a "Supplemental Brief." Doc. #9, Exh. F. On January 13, 2004, the Arizona Court of Appeals issued a Memorandum Decision rejecting Petitioner's claims and affirming her convictions and sentence. Doc. #9, Exh. G. Petitioner did not file a motion for reconsideration or a petition for review to the Arizona Supreme Court. Doc. #9, Exh. H.

Petitioner filed a Notice of Post-Conviction Relief in the state trial court on March 1, 2004. Doc. #9, Exh. I. The court then appointed counsel to represent Petitioner in the post-conviction proceedings. Doc. #9, Exh. J, K. Through counsel, Petitioner filed a Petition for Post-Conviction Relief on July 20, 2004. Doc. #9, Exh. L. The trial court denied the petition on October 20, 2004. Doc. #9, Exh. O. Petitioner filed a Petition for Review in the Arizona Court of Appeals on November 16, 2004, which was denied on August 16, 2005. Doc. #9, Exh. P, R. Petitioner claims that she sought review in the state supreme court. Doc. #1 at 2. However, Respondents provide a copy of the Court of Appeals docket which shows that no petition for review to the Arizona Supreme Court was filed. Doc. #9, Exh. T. Respondents also attach to their answer a copy of a "Petition for Review" to the United States Supreme Court prepared by Petitioner, but no record has been provided showing whether it was filed or if a decision was issued. Doc. #9, Exh. S.

On January 9, 2006, Petitioner filed her habeas petition in this court. Petitioner alleges eight grounds for relief: (1) the conviction and sentence were unconstitutional because they were based on racial discrimination; (2) the police unlawfully searched her car and took money from her purse which was never returned; (3) Petitioner's arrest was unlawful because the police knew nothing about the status of the credit cards at the time of the arrest; (4) the prosecution introduced statements Petitioner made to police in violation of her Miranda rights; (5) Petitioner received an unfair trial because the trial judge was biased; (6) Petitioner's right to due process was violated when police arrested and searched her before they contacted the victim to determine if the credit cards were stolen; (7) Petitioner's attorney provided ineffective assistance of counsel by failing to object to the

- 2 -

unlawful search of her car, object to the Miranda violation, and explain the possibility of a consecutive sentence; and (8) the court and the prosecution abused its authority by failing to apply Blakely v. Washington, 542 U.S. 296 (2004), to this case, failing to admit evidence of the unlawfully seized money, punishing Petitioner with a harsher sentence for exercising her right to trial, and failing to produce all the relevant evidence at trial. Respondents filed an Answer to Petition for Writ of Habeas Corpus on March 13, 2006. Doc. #9. Petitioner filed a Reply to Writ of Habeas Corpus on April 20, 2006. Doc. #10.

This case involved the Petitioner trying to buy merchandise from a J.C. Penney's store using someone else's credit card. The Arizona Court of Appeals summarized the facts of the case in its Memorandum Decision:

> The owner of the credit card, Amy, testified she had discovered her wallet was missing. She called her credit card companies and found that several charges had been made on her cards without her knowledge or consent. The next day, she received a call from a police officer telling her to come to the Arizona Mills Mall where her wallet had been found.
> David, a loss prevention officer at J.C. Penney Co. ("Penney's"), testified that while he was watching a store surveillance camera he saw two gentlemen in the shoe department quickly putting many pairs of shoes into a cart without trying them on. Laws joined the men and the three of them continued to put clothes and other items from throughout the store into the cart. David became suspicious of this activity and called the police. David had videotaped his surveillance and excerpts of the video were played for the jury.
> At the checkout line, Laws and her companions presented the Penney's cashier with Amy's credit card. Laws signed the receipt for the merchandise, but her signature did not match the one on the credit card. When the cashier asked for identification, Laws told him she would get it from her car and "be right back." She then left the store.
> Officer Quill of the Phoenix Police Department testified that he stopped Laws in the Penney's parking lot. Laws had a wallet in her hand, which he asked her to drop. The wallet and its contents belonged to Amy. Officer Mowery of the Phoenix Police Department interviewed Laws once she was taken into custody and she told him she obtained the credit cards from "a friend who got [them] from a . . . girl." Doc. #9, Exh. G.

**DISCUSSION**

1  Respondents contend in their answer that Petitioner has procedurally defaulted on her
2  claims by failing to exhaust state court remedies. They first argue that Petitioner's failure to
3  seek review of her direct appeal and state post-conviction petition in the Arizona Supreme
4  Court constitutes a failure to exhaust state court remedies. Alternatively, Respondents argue
5  that with the exception of one ineffective assistance of counsel claim, Petitioner failed to
6  properly present her claims in the state court. With respect to the ineffective assistance claim
7  that was exhausted, Respondents argue that Petitioner has failed to show deficient
8  performance or prejudice.

**A.  Procedural Default**

A state prisoner must exhaust his remedies in state court before petitioning for a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b)(1) & (c); Duncan v. Henry, 513 U.S. 364, 365-66 (1995); McQueary v. Blodgett, 924 F.2d 829, 833 (9th Cir. 1991). To properly exhaust state remedies, a petitioner must fairly present his claims to the state's highest court in a procedurally appropriate manner. O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999). In Arizona, a petitioner must fairly present his claims to the Arizona Court of Appeals by properly pursuing them through the state's direct appeal process or through appropriate post-conviction relief. Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994).

A claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory on which the claim is based. Bland v. Cal. Dep't of Corrections, 20 F.3d 1469, 1472-73 (9th Cir.1994), overruled on other grounds by Schell v. Witek, 218 F.3d 1017, 1025 (9th Cir. 2000) (en banc); Tamalini v. Stewart, 249 F.3d 895, 898-99 (9th Cir. 2001). "Our rule is that a state prisoner has not 'fairly presented' (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law." Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000), amended on other grounds, 247 F.3d 904 (9th Cir. 2001). "If a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court." Johnson v. Zenon,

88 F.3d 828, 830 (9th Cir. 1996). The "mere mention of the federal Constitution as a whole, without specifying an applicable provision, or an underlying federal legal theory, does not suffice to exhaust the federal legal claim. Fields v. Waddington, 401 F.3d 1018, 1021 (9th Cir. 2005).

If a petition contains claims that were never fairly presented in state court, the federal court must determine whether state remedies remain available to the petitioner. See Rose v. Lundy, 455 U.S. 509, 519-20 (1982); Harris v. Reed, 489 U.S. 255, 268-270 (1989) (O'Connor, J., concurring). If remedies are still available in state court, the federal court may dismiss the petition without prejudice pending the exhaustion of state remedies. Id. However, if the court finds that the petitioner would have no state remedy were he to return to the state court, then his claims are considered procedurally defaulted. Teague v. Lane, 489 U.S. 288, 298-99 (1989); see also Sandgathe v. Maass, 314 F.3d 371, 376 (9th Cir. 2002) (a defendant's claim is procedurally defaulted when it is clear that the state court would hold the claim procedurally barred). The federal court will not consider these claims unless the petitioner can demonstrate that a miscarriage of justice would result, or establish cause for his noncompliance and actual prejudice. See Dretke v. Haley, 124 S.Ct. 1847, 1851-52 (2004); Schlup v. Delo, 513 U.S. 298, 321 (1995); Coleman v. Thompson, 501 U.S. 722, 750-51 (1991); Murray v. Carrier, 477 U.S. 478, 495-96 (1986).

A procedural default may also occur when a petitioner raises a federal claim in state court but the state court declines to address the claim because the petitioner failed to meet a state procedural requirement. Coleman, 501 U.S. at 729-30. In such cases, federal habeas review is precluded if the state court opinion contains a plain statement clearly relying on a state procedural bar that presents an independent and adequate basis for the court's decision. See Harris, 489 U.S. at 263. Moreover, even if after rejecting a federal claim on procedural grounds, the state court goes on to discuss the merits, the procedural bar is not eliminated. See id. at 264 n.10; Poland v. Stewart, 169 F.3d 573, 578 n.8 (9th Cir. 1998). As with defaulted claims that were not fairly presented, a federal court may still review the merits of

1  a defaulted claim based on a state procedural bar if the petitioner can establish cause and
2  prejudice.  See Coleman, 501 U.S. at 750-51.

3  **1.     Failure to File Petition for Review in Arizona Supreme Court**

4  Respondents contend that Petitioner was required to seek review of the denial of her
5  direct appeal and petition for post-conviction relief in the Arizona Supreme Court.
6  Respondents argue at length that Swoopes, supra, was wrongly decided by the Ninth Circuit.
7  This court has repeatedly rejected Respondents' arguments regarding the viability of
8  Swoopes and will do so again.  Respondents' argument that the Ninth Circuit's reasoning and
9  conclusion in Swoopes were flawed should be made to the Ninth Circuit.  This court has no
10 authority to overturn or refuse to follow a Ninth Circuit Court of Appeals decision.
11 Accordingly, the court finds Respondents' first argument regarding Petitioner's failure to seek
12 review in the Arizona Supreme Court to be without merit.

13 **2.     Failure to Properly Present to the State Court**

14 Respondents alternatively argue that all but one of Petitioner's claims are procedurally
15 defaulted because Petitioner failed to properly present them in the state court, thus depriving
16 the state court of the opportunity to address them.

17 **a.     Discrimination**

18 Petitioner's claim in ground one, that her conviction and sentence were
19 unconstitutional because they were the result of racial discrimination, was not presented to
20 the state court as a federal claim. A review of Petitioner's supplemental brief on direct appeal
21 shows that Petitioner failed to identify a federal legal theory or otherwise indicate that the
22 claim was based on federal law.  Doc. #9, Exh. F.  Petitioner simply alleged that the police
23 targeted her and her companions while they were shopping in the store because they were
24 black.  Id.  She failed to allege a federal constitutional violation and failed to cite a specific
25 provision in the Constitution. Id. Additionally, Petitioner's petition for post-conviction relief
26 contains only a claim of ineffective assistance of counsel and does not allege a discrimination
27 claim.  Doc. #9, Exh. L.

28

By failing to fairly present her first claim in the state court, Petitioner has failed to exhaust her state court remedies. Moreover, Petitioner would no longer have a remedy if she returned to the state court.[1] As a result, this claim is procedurally defaulted. Petitioner has neither argued nor otherwise shown cause for the default and actual prejudice, or a miscarriage of justice. Accordingly, the court will recommend that the claim in ground one be denied.

### b. Unlawful Search

Petitioner's claim in ground two, that the police unlawfully searched her car and seized her purse, was also not properly presented in the state court. In her supplemental brief on direct appeal, Petitioner alleged that the police searched her car without her permission or a warrant and took her purse which contained $130.00. Doc. #9, Exh. F. Petitioner did not allege a violation of the Fourth Amendment to the Constitution or any other federal law. Id. Moreover, the Arizona Court of Appeals determined that Petitioner had waived any unlawful search claim in her direct appeal because she failed to raise the claim at trial. Doc. #9, Exh. G at 6-7. In addition, Petitioner's state petition for post-conviction relief contained no claim related to the unlawful search of her car. Doc. #9, Exh. L.

For these reasons, Petitioner has failed to fairly present her claim in ground two to the state court. Consequently, Petitioner has failed to exhaust her state court remedies. Moreover, Petitioner would no longer have a remedy if she returned to the state court. As a result, this claim is procedurally defaulted. Petitioner has neither argued nor otherwise shown cause for the default and actual prejudice, or a miscarriage of justice. Accordingly, the court will recommend that the claim in ground two be denied.

### c. Unlawful Arrest

---

[1] The time has passed to seek post-conviction relief in state court under Rule 32.4(a) of the Arizona Rules of Criminal Procedure and Petitioner has not shown that any of the exceptions to the time limits under Rule 32.1(d), (e), (f), (g) or (h) apply to her.

1    Petitioner's third claim, that the police unlawfully arrested her, was not presented in
2 the state court as a federal claim. In her supplemental brief on direct appeal, Petitioner
3 argued that the police arrested her before knowing whether the wallet and credit cards were
4 stolen or missing. Doc. #9, Exh. F. Petitioner failed to allege a violation of the Fourth
5 Amendment or any other federal law. Id. In her petition for post-conviction relief, Petitioner
6 raised no unlawful arrest claim.

7    Petitioner has failed to fairly present her unlawful arrest claim in ground three to the
8 state court, and therefore has failed to exhaust her state court remedies. Moreover, Petitioner
9 would no longer have a remedy if she returned to the state court. As a result, this claim is
10 procedurally defaulted. Petitioner has neither argued nor otherwise shown cause for the
11 default and actual prejudice, or a miscarriage of justice. Accordingly, the court will
12 recommend that the claim in ground three be denied.

13    **d.    Miranda Violation**

14    Petitioner contends in ground four that the prosecution used statements she made to
15 the police against her even though the police failed to read her Miranda rights. Petitioner
16 properly raised this federal claim in the state court in her supplemental brief on direct appeal.
17 However, the state court declined to address the claim because Petitioner failed to meet a
18 state procedural requirement. The Arizona Court of Appeals determined that Petitioner
19 waived the Miranda claim because she failed to raise it at trial. Doc. #9, Exh. G at 6-7.

20    The Court of Appeals opinion contains a plain statement clearly relying on a state
21 procedural bar that presents an independent and adequate basis for the court's decision. As
22 a result, the claim is procedurally defaulted and federal habeas review is precluded.
23 Petitioner has failed to show cause for the default and actual prejudice, or a miscarriage of
24 justice. Accordingly, the court will recommend that the claim be denied.

25
26
27    **e.    Fair Trial**
28

- 8 -

Petitioner alleges in ground five that she was denied her right to a fair trial because the judge "already had an agenda in mind" and because Petitioner was not allowed to testify about the unlawful search and the money that was seized. Petitioner failed to allege in her supplemental brief on direct appeal that the trial judge was biased or that she was not allowed to testify about the money that was seized during the alleged unlawful search. Doc. #9, Exh. F. Nor were these claims raised in Petitioner's state petition for post-conviction relief. Doc. #9, Exh. L.

Petitioner's only allegation in her supplemental brief on direct appeal regarding a fair trial is that "the courts abused their authority by not following the rules and procedure for a fair trial." Doc. #9, Exh. F. To the extent that can be construed to allege a general claim of an unfair trial, Petitioner failed to identify a federal constitutional provision or otherwise describe the federal legal theory on which the claim is based.

Having failed to fairly present her claims in ground five to the state court, Petitioner has failed to exhaust her state court remedies. Moreover, Petitioner would no longer have a remedy if she returned to the state court. As a result, the claims are procedurally defaulted. Petitioner has neither argued nor otherwise shown cause for the default and actual prejudice, or a miscarriage of justice. Accordingly, the court will recommend that the claims in ground five be denied.

### f. Due Process

In ground six of her petition, Petitioner alleges a claim nearly identical to that alleged in ground three. Petitioner contends that she was arrested and searched before police had contacted the victim to determine if the wallet and credit cards were stolen or missing. In ground six, however, Petitioner alleges that arresting her under these circumstances violated her constitutional right to due process.

Petitioner failed to present this claim to the state court. Petitioner stated in her supplemental brief on direct appeal that the police arrested her before knowing if the wallet was even stolen or missing. Doc. #9, Exh. F. However, Petitioner failed to allege a violation of the Due Process Clause and therefore the state court was not given the opportunity to

address it as a federal claim.  Petitioner also did not raise a due process claim in her state petition for post-conviction relief.  Doc. #9, Exh. L.

Having failed to fairly present her claim in ground six to the state court, Petitioner has failed to exhaust her state court remedies.  Moreover, Petitioner would no longer have a remedy if she returned to the state court.  As a result, the claim is procedurally defaulted. Petitioner has neither argued nor otherwise shown cause for the default and actual prejudice, or a miscarriage of justice.  Accordingly, the court will recommend that the claim in ground six be denied.

### g. Ineffective Assistance of Counsel

Petitioner alleges in ground seven that her attorney provided ineffective assistance of counsel by failing to object to the unlawful search of her car, object to the Miranda violation, and explain the possibility of a consecutive sentence.  In her supplemental brief on direct appeal, Petitioner made a general claim of ineffective assistance but failed to specify what conduct fell below the standard for ineffective assistance. Doc. #9, Exh. F.  The Arizona Court of Appeals explained in its Memorandum Decision that it would not consider ineffective assistance of counsel claims on direct appeal and that they must first be presented to the trial court in a petition for post-conviction relief.  Doc. #9, Exh. G at 4.  Petitioner then filed a petition for post-conviction relief in which she raised only one ineffective assistance of counsel claim: that her lawyer failed to challenge the alleged violation of her Miranda rights.  Doc. #9, Exh. L.  After the trial court denied the petition, Petitioner raised the same claim in her petition for review to the Arizona Court of Appeals.  Doc. #9, Exh. P at 2. Because this claim was properly exhausted in the state court, the court will address it on the merits below.

Petitioner's other ineffective assistance claims, however, were not fairly presented in the state court. Petitioner's claims that her lawyer failed to object to the unlawful search of her car and failed to explain the possibility of a consecutive sentence were not included in the petition for post-conviction relief, and therefore have not been exhausted.  See Moorman v. Schriro, 426 F.3d 1044, 1056 (9th Cir. 2005) (a petitioner who presented any

ineffective assistance claim in the state court cannot later add unrelated ineffective assistance claims on habeas review that were not presented in the state court). Petitioner would no longer have a remedy if she returned to the state court to raise these additional ineffective assistance claims. As a result, the claims are procedurally defaulted. Petitioner has neither argued nor otherwise shown cause for the default and actual prejudice, or a miscarriage of justice. Accordingly, the court will recommend that the unexhausted ineffective assistance of counsel claims in ground seven be denied.

### h. Abuse of Authority

Petitioner alleges in ground eight the court and the prosecution abused its authority by failing to admit evidence of the unlawfully seized money, punishing Petitioner with a harsher sentence for exercising her right to trial, and failing to produce all the relevant evidence at trial. Petitioner failed to fairly present these claims in the state court. In her supplemental brief on direct appeal, none of Petitioner's "abuse of authority" claims involve the admission of evidence or an unduly harsh sentence. Doc. #9, Exh. F. Moreover, Petitioner's brief fails to identify any federal constitutional provision or federal legal theory on which her abuse of authority claims are based. Id. In her petition for post-conviction relief, Petitioner raised no abuse of authority claims.

Having failed to fairly present these claims to the state court, Petitioner has failed to exhaust her state court remedies. Moreover, Petitioner would no longer have a remedy if she returned to the state court. As a result, the claims are procedurally defaulted. Petitioner has neither argued nor otherwise shown cause for the default and actual prejudice, or a miscarriage of justice. Accordingly, the court will recommend that these claims in ground eight be denied.

Also in ground eight, Petitioner claims that her sentence violates Blakely v. Washington, 542 U.S. 296 (2004). However, in Schardt v. Payne, 414 F.3d 1025, 1038 (9th Cir. 2005), the Ninth Circuit held that Blakely does not apply retroactively to convictions that were already final when it was decided.

- 11 -

Here, the Order and Mandate was issued at the conclusion of direct review, on February 27, 2004. Doc. #9, Exh. H. Thus, Petitioner's conviction was final before Blakely was decided on June 24, 2004. Because Blakely does not apply to convictions that were final before it was decided, it does not apply here. Accordingly, the court will recommend that Petitioner's Blakely claim in ground eight be denied.

**B.     Merits Analysis**

    **1.     AEDPA Standard of Review**

Under the AEDPA[2], a federal court "shall not" grant habeas relief with respect to "any claim that was adjudicated on the merits in State court proceedings" unless the State court decision was (1) contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court; or (2) based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d); see Williams v. Taylor, 529 U.S. 362, 412-413 (2000) (O'Connor, J., concurring and delivering the opinion of the Court as to the AEDPA standard of review). "When applying these standards, the federal court should review the 'last reasoned decision' by a state court ...." Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004).

A state court's decision is "contrary to" clearly established precedent if (1) "the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or (2) "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent." Taylor, 529 U.S. at 405-06. "A state court's decision can involve an 'unreasonable application' of Federal law if it either (1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or (2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable." Hernandez v. Small, 282 F.3d 1132, 1142 (9th Cir. 2002).

    **2.     Ineffective Assistance of Counsel**

---

[2] Antiterrorism and Effective Death Penalty Act of 1996.

1   As stated above, Petitioner claims in ground seven that her attorney provided 2 ineffective assistance of counsel by failing to object to the use of Petitioner's statements 3 obtained in violation of <u>Miranda</u>. Respondents argue that the only statement obtained and 4 used by the state was consistent with Petitioner's own testimony at trial, and therefore her 5 lawyer had no reason to object to the use of the statement.

6   The two-prong test for establishing ineffective assistance of counsel was established 7 by the Supreme Court in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). To prevail on an 8 ineffective assistance claim, a convicted defendant must show (1) that counsel's 9 representation fell below an objective standard of reasonableness, and (2) that there is a 10 reasonable probability that, but for counsel's unprofessional errors, the result of the 11 proceeding would have been different. <u>Strickland</u>, 466 U.S. at 687-88. There is a strong 12 presumption that counsel's conduct falls within the wide range of reasonable assistance. 13 <u>Strickland</u>, 466 U.S. at 689-90.

14   One of the officers testified at trial that he asked Petitioner to stop and drop the wallet 15 she was holding when she left the store. Doc. #9, Exh. B at 127. He then placed Petitioner 16 under arrest. <u>Id.</u> at 129. The officer asked Petitioner her name and date of birth which she 17 told him. <u>Id.</u> at 134. The only other question this officer asked her was whether she had any 18 identification for the wallet and she said no. <u>Id.</u> at 135.

19   A second officer testified that he spoke with Petitioner at the police substation. Doc. 20 #9, Exh. B at 139. He asked her how she obtained the credit cards and she responded that 21 she got them from a friend who got them from a white girl. <u>Id.</u> at 140. No other statements 22 made by Petitioner to the police were presented at trial. There was no evidence presented 23 to show that either officer informed Petitioner of her <u>Miranda</u> rights.

24   In its order denying the petition for post-conviction relief, the state trial court directly 25 addressed Petitioner's ineffective assistance claim:

26   Even if the Court assumes no tactical reason justified trial counsel's failure to attempt to suppress the statements made by Laws to the police officers, it is 27 hard to see how Laws was prejudiced by the testimony in question given she testified herself about the same issues. In addition, the other evidence of guilt 28 was overwhelming. Nothing more than the petition's conclusory assertion

   supports her claim of prejudice. That is not enough. The Court finds no contested issue of law or fact that would entitle Laws to relief.

Doc. #9, Exh. O at 2. The Arizona Court of Appeals then denied Petitioner's request for review. Doc. #9, Exh. R.

  The court finds that the state trial court's decision regarding Petitioner's ineffective assistance of counsel claim was not contrary to clearly established federal law or based on an unreasonable determination of the facts. Petitioner failed to establish a key element of an ineffective assistance claim and therefore the state court properly rejected the claim. Moreover, like the petition in state court, Petitioner's habeas petition fails to establish how she was prejudiced by her attorney's failure to try to suppress her statements. For these reasons, the court will recommend that Petitioner's remaining ineffective assistance of counsel claim in ground seven be denied.

**C.** **Conclusion**

  Having determined that all but one of Petitioner's claims are procedurally defaulted and that the remaining one should be denied on the merits, the court will recommend that the petition be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED:**

  That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1) be **DENIED** and **DISMISSED WITH PREJUDICE**;

  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have ten days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114,

1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation. See Fed. R. Civ. P. 72.

DATED this 5th day of December, 2006.

/s/ Edward C. Voss
Edward C. Voss
United States Magistrate Judge